UNITED STATES, Appellee

v

JEROME A. MIRAULT, Specialist Four,
U. S. Army, Appellant

18 USCMA 321, 40 CMR 33

No. 21,636

May 16, 1969

 █

*Captain Paul C. Saunders* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Major David J. Passamaneck, Captain Stephen Arinson,* and *Captain Carmen P. Belefonte.*

*Captain Mark L. Rosen* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick, Major Edwin P. Wasinger,* and *Captain R. Kevin McHugh.*

## Opinion of the Court

DARDEN, Judge:

The issue for decision here is whether in the circumstances of this case a court-martial may punish an accused separately for the wrongful possession and for the use of marihuana.

Specialist Four Jerome A. Mirault pleaded guilty before a general court-martial to separate specifications involving the wrongful possession, the use, and the sale of marihuana, in violation of Article 134 of the Uniform Code of Military Justice, 10 USC § 934. The court sentenced him to a bad-conduct discharge, total forfeitures, confinement at hard labor for three years, and reduction to the grade of Private E-1. The convening authority reduced the period of the confinement at hard labor from three years to one, leaving unchanged the other parts of the sentence. A board of review affirmed the findings and the sentence.

We granted the petition of Mirault, the appellant, to review the correctness of his being punished separately for the offenses of wrongful possession and use of marihuana in circumstances that he contends show the offenses arose out of the same transaction.

For reasons explained below, we decide that his sentencing for the separate offenses was permissible in the setting of this case.

The record of trial reflects that the parties entered into a stipulation of fact relating to the charged offenses. The pertinent part of this stipulation follows:

"That on or about the months of October 1967 through January 1968, the accused, on divers occassions [sic], wrongfully possessed marihuana, which, during this period amounted to an aggregate weight in excess of 100 grams, more or less. That during the same period, and on divers occassions [sic], the accused mixed marihuana with regular pipe tobacco and wrongfully used it by smoking. Further, during the month of January 1968, on divers occasions, the accused wrongfully sold marihuana to other known users of marihuana."

The three offenses—possession, use, and sale—were treated separately for

**322**

punishment purposes. In an out-of-court hearing, both trial counsel and individual defense counsel agreed that fifteen years was the correct maximum confinement. Mirault was represented at the trial by a civilian defense counsel of his selection. This attorney was a member of the bar of two states; he was also certified in accordance with Article 27(b) of the Uniform Code of Military Justice, 10 USC § 827.

The appellant contends before this Court that "[i]t is not necessary to speculate whether the same marihuana formed the subject of both possession and use." He also urges that there is an "unrebutted probability that the possession and the use arose out of the same transactions."

Frequently we face decisions involving challenges to the propriety of an accused's vulnerability to separate sentences springing from the same act or closely related acts. The Court has attempted to assure that a person not be punished twice for the same offense. United States v Modesett, 9 USCMA 152, 25 CMR 414. Over the years several different tests have been used in determining whether offenses are separate for punishment purposes. To determine whether offenses are separately punishable, a frequent criterion is whether evidence sufficient to prove one offense also proves the other. United States v Redenius, 4 USCMA 161, 15 CMR 161; United States v Rosen, 9 USCMA 175, 25 CMR 437.

We think it is unnecessary to summarize the other tests that have been used in the past in order to decide the case before us. It is sufficient to observe that all the tests used to this point have some utility in questions of multiplicity of offenses arising out of the same act or transaction.

The Court has affirmed convictions of persons for the offenses of possession, use, and sale of marihuana. United States v Blair, 10 USCMA 161, 27 CMR 235; United States v Maginley, 13 USCMA 445, 32 CMR 445. That each of the three is an offense

punishable under the Code is not now questioned.

Bearing in mind the primary concern that punishing an accused twice for what is essentially one offense must be avoided, we must look to the evidence to determine whether the three offenses here involved are separate. For our purpose, the stipulation furnishes this evidence. A paraphrase of the stipulation is that over a four-month period the accused admitted that on various occasions he had wrongfully possessed marihuana weighing more than one hundred grams; that during the same period and on more than one occasion he had mixed marihuana with pipe tobacco and smoked the mixture; and that during the last month of the four-month period on more than one occasion he had wrongfully sold marihuana to other users. The nature of the stipulation is such that each of the three charged offenses could have occurred several times during the period it covers. Obviously, one could possess marihuana without using it. It might be possessed for later sale to others or for later consumption by the possessor. Possession of a quantity of marihuana that is in the nature of a stockpile can be distinguished, for punishment purposes, from possession in the sense of holding a marihuana cigarette while drawing smoke from it. Assuming, but not deciding, that a person smoking a marihuana cigarette should not be sentenced for both possession and use of the same quantity, this person might simultaneously possess a supply of marihuana intended either for his later consumption or for sale.

In this case, the stipulation of fact deals separately with possession, use, and sale. On possession, it refers to an aggregate weight of one hundred grams. Surely this quantity must be larger than that which would be consumed in a single use. We disagree with the argument that the stipulation is ambiguous on whether the same marihuana is the subject of both possession and use—that both arose out of the same transaction. To us its

terms allow of the interpretation that the possession and use occurred at different times and that different quantities were the subject of the possession and the use. This stipulation and the guilty plea combined are enough for us to decide that the accused knew he had committed separate offenses of using marihuana, of wrongfully possessing it, and of selling it. Accordingly, the judgment of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.