UNITED STATES, Appellee

v

DAVID L. PEARSON, Private, U. S. Army, Appellant

19 USCMA 379, 41 CMR 379

No. 22,507

April 17, 1970

*Captain Thomas R. Maher* argued the cause for Appellant, Accused. With him on the brief was *Colonel Daniel T. Ghent.*

*Captain James L. Rider* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant* and *Major Edwin P. Wasinger.*

### Opinion of the Court

DARDEN, Judge:

Are charges of escape from confinement "while being transported to the Correctional Training Facility, Fort Riley, Kansas" (Article 95, Uniform Code of Military Justice, 10 USC § 895) and assault of a military policeman in the execution of his duties "by grabbing him by the arm" (Article 128, Uniform Code of Military Justice, 10 USC § 928) multiplicious for sentencing purposes? That is the question to be answered in this case. The law officer at the trial decided the issue against the appellant.

Because of the plea of guilty to both offenses, evidence is limited, but un-

controverted. A stipulation of fact introduced as Prosecution Exhibit 1 shows that:

"On 1 April 1969 the accused and 17 other prisoners, accompanied by armed guards, SP5 Warren L. Blundell and SP5 Kevin C. Calderwood, departed from the Post Stockade, Fort Sill, Oklahoma, in a chartered commercial bus to the Correctional Training Facility, Fort Riley, Kansas. About 1030 hours, on U.S. Interstate Highway 35, approximately eight miles north of Guthrie, Oklahoma, several prisoners, including the accused, overpowered the armed guards. The accused grabbed Specialist Blundell by the left arm to restrain him. The accused then fled the bus and was subsequently apprehended by civilian authorities on 4 April 1969, near Guthrie, Oklahoma, and returned to military authorities at Fort Sill."

The appellant's testimony in support of various defense motions informs us that seventeen to twenty prisoners, accompanied by two guards, were on the bus and that the prisoners' handcuffs were removed following their departure from Fort Sill. En route, the bus began to slow down because of a commotion near the driver. Realizing that an escape was developing, the appellant rushed forward to take part. Specialist Blundell, one of the guards, was being held by other prisoners. Pearson noticed, however, that one of Blundell's hands was swinging free. He grabbed the guard's hand and, for but a moment, "held it down." He feared that Blundell, if not restrained, would draw his weapon and shoot. By then the bus had stopped, the door was opened, and Blundell had been ordered to the rear, minus his pistol, which had been taken by one of the other prisoners. According to Pearson, the guard suffered no injury.

Eleven of the men, including the appellant, fled the scene. After four days without food, Pearson and some of his companions, entered Langston, Oklahoma, seeking food. After their presence was reported to the sheriff, he was able to effect a peaceable surrender.

**380**

Appellate counsel for both parties agree that solution of the multiplicity problem turns on the evidence summarized above, since the facts direct the results in questions of multiplicity. United States v Kleinhans, 14 USCMA 496, 34 CMR 276 (1964). For the defense, counsel argue that the assault and escape were a "unity, of time and circumstances," and that while two offenses were charged the intent, i.e., escape, was singular. In support, they cite United States v Kleinhans, supra; United States v Tilley, 35 CMR 604 (ABR 1965); and United States v Miller, 39 CMR 450 (ABR 1968). In Kleinhans, charges of opening mail matter and the larceny of money from the opened mail were considered multiplicious for sentencing purposes because there was "but one 'handling' of the mail, whether it be charged as a taking or opening, generated by a single impulse or intent, to commit larceny." Boards of review determined in Tilley and Miller that for sentencing purposes escape or attempted escape from confinement and custody merged with assault with a dangerous weapon, in that "the assault was the single act which established guilt of the attempt to escape." United States v Tilley, supra, at page 605. In Miller, the same result was reached, for the " 'accused was guided by a single impulse, i.e., to escape from confinement.' " The defense would apply the same reasoning here.

Appellate Government counsel, having considered these same three cases, make the point that Kleinhans does not "necessarily" prohibit punishment for two offenses, despite there being only a "single intent" or "impulse." They argue that in the three cases cited proof of one offense proved the other and that those cases were decided on that basis. Applying the same principle to the case at hand, they then conclude that here the offenses are punishable separately, since "[e]ach offense could have been proved at a trial without proof of the other."

While we view the evidence differently, the "separate facts" test does indeed have utility here. Summaries of

other tests that have been applied in the past to determine multiplicity need not be discussed, therefore. United States v Mirault, 18 USCMA 321, 40 CMR 33 (1969). See United States v Goins, 18 USCMA 395, 40 CMR 107 (1969).

In United States v Pressey, 19 USCMA 360, 41 CMR 360 (1970), the Court recently noted that the relationship between parties is a fact to be considered in determining whether a physical encounter is in nature justified, excused, or criminal. Evidence relating to the escape in this case places in proper perspective the appellant's momentary holding of the guard's arm. Conversely, Pearson was able to overthrow military control of his person only because the two guards were overcome. The two offenses that were committed out of a "single impulse" are shown only by a consideration of the total evidence. We must conclude, therefore, that in this case the offenses were multiplicious for punishment. United States v Kleinhans, supra; United States v Tilley, supra; United States v Miller, supra. The maximum imposable confinement at hard labor, consequently, is one year rather than two. Pearson is now serving a sentence that includes confinement for fifteen months. That the error increased his punishment is clear.

Accordingly, the decision of the Court of Military Review as to the sentence is reversed. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the Court of Military Review for reassessment of the sentence in light of this opinion.

Chief Judge QUINN and Judge FERGUSON concur.