UNITED STATES, Appellee

v

HAROLD N. WEAVER, Sergeant, U. S. Army, Appellant

20 USCMA 58, 42 CMR 250

*Colonel Daniel T. Ghent* and *Captain Bernard J. Casey* were on the pleadings for Appellant, Accused.

*Colonel David T. Bryant, Captain William R. Steinmetz,* and *Captain Edwin L. Gage* were on the pleadings for Appellee, United States.

### Opinion of the Court

DARDEN, Judge:

The appellant entered a plea of guilty to several offenses, including escape from lawful confinement (Additional Charge II), offering violence to a commissioned officer (Additional Charge I), and assault upon a military policeman in the execution of his duties (Additional Charge IV). A stipulation of fact admitted into evidence shows that the three offenses were committed in a transaction motivated by a "single impulse" to escape confinement. They merge, therefore, for punishment purposes. United States v Pearson, 19 USCMA 379, 41 CMR 379 (1970). Because limiting instructions encompassing this requirement were not given by the military judge reassessment of the sentence is required.

During a lengthy guilty plea inquiry Weaver acknowledged that he had offered violence to his superior commissioned officer by "grabbing him about the neck." A stipulation of fact introduced as Prosecution Exhibit 1 attributes to a fellow conspirator the accosting of the officer. Neither portrayal disavows the guilty plea, however. Contention that the plea of guilty to Additional Charge I is negated by the military judge's failure to explain the law of principals to the appellant during the guilty plea inquiry is without substance. United States v Wimberly, 20 USCMA 50, 42 CMR 242 (1970).

Accordingly, the decision of the Court of Military Review as to sentence is reversed. The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review for reassessment of the sentence in light of this opinion.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I agree with my brothers' determination that since three of the offenses charged against the accused were committed in a transaction motivated by a single impulse, they merged for purposes of punishment. Failure of the military judge to so instruct the court requires reassessment of the sentence. United States v Pearson, 19 USCMA 379, 41 CMR 379 (1970). However, I do not agree with their holding relative to the failure of the military judge to explain the law of principals to the appellant during the guilty plea inquiry for the reasons set forth in my separate opinion in United States v Wimberly, 20 USCMA 50, 42 CMR

242 (1970). Where an accused pleads guilty to a particular offense and the proof offered reflects that he is guilty only by virtue of being an aider and abettor, and the offense is not so charged, I believe that the military judge should conduct a further inquiry, explain the basis for guilt and either obtain a disavowal of this proof or refuse to accept the plea. Only in this manner, can there be assurance that a plea of guilty was knowingly and intelligently made. United States v Care, 18 USCMA 535, 40 CMR 247 (1969).

I would reverse that portion of the decision of the United States Army Court of Military Review, affirming the accused's conviction of Additional Charge I, and direct that a rehearing thereon may be ordered.