**UNITED STATES, Appellee,**

v.

**Billy J. WASHINGTON, Private, U. S. Army, Appellant.**

**No. 31,381.**

U. S. Court of Military Appeals.

Sept. 10, 1976.

*Captain Ralph E. Sharpe* argued the cause for appellant, accused. With him on the briefs was *Major Richard J. Goddard.*

*Captain Lee D. Schinasi* argued the cause for appellee, United States. With him on the briefs were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Major Steven M. Werner,* and *Captain William C. Kirk.*

**OPINION OF THE COURT**

PERRY, Judge:

The appellant was convicted by a general court-martial of conspiracy to commit larceny of stereo equipment belonging to another soldier and of the larceny of that equipment.[1] At trial, the offenses were

---

1. Articles 81 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 921, respectively.

Additionally, the appellant was charged with housebreaking with intent to commit larceny,

regarded as separately punishable, but the appellant now contends that past precedents sanctioning separate punishment for conspiracy and for the substantive offense which is the object of the conspiracy should be overturned as unjust. *See United States v. Dickson*, 49 C.M.R. 614 (ACMR 1974). We may not do so.

◼ In assessing punishment for different criminal acts committed in an integrated incident, the "primary concern" is to avoid "punishing an accused twice for what is essentially one offense." *United States v. Mirault*, 18 U.S.C.M.A. 321, 323, 40 C.M.R. 33, 35 (1969). However, the problem involves such a complex of constitutional, statutory, and judicial policy ramifications that no single judicial approach to it has received universal approbation. *United States v. Meyer*, 21 U.S.C.M.A. 310, 45 C.M.R. 84 (1972); *United States v. Burney*, 21 U.S.C.M.A. 71, 44 C.M.R. 125 (1971). Nonetheless, there is general agreement that when the legislature directs that one or more offenses in the total criminal endeavor are separately punishable, its mandate, if otherwise constitutional, is controlling. *See United States v. Smith*, 1 M.J. 260, 262 (1976) (Fletcher, Chief Judge, concurring); *United States v. Meyer, supra,* 21 U.S.C.M.A. at 312, 45 C.M.R. at 86 (Darden, Chief Judge, concurring).

Thus, as neither party to these proceedings has questioned the constitutionality of separately punishing a conspiracy to commit a substantive offense and the substantive offense itself, the appropriate inquiry is whether the Congress has indicated its intent to separately punish these crimes, for this Court otherwise has neither the power nor the inclination to ignore that intent if manifest.

At common law, the substantive offense, if a felony, merged into the conspiracy to commit that offense. However, as the United States Supreme Court noted in *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), that rule has little vitality in this country. The Supreme Court in *Pinkerton*, in an opinion by Justice Douglas, held that conspiracy and the substantive offense are entirely separate and are separately punishable. That same position is maintained by the High Court even in its most recent decisions. *Iannelli v. United States*, 420 U.S. 770, 777–79, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975); *United States v. Feola*, 420 U.S. 671, 693–94, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975).[2] As to Congressional intent, the Supreme Court stated in *Iannelli, supra* 420 U.S. at 779, 95 S.Ct. at 1290:

> The historical difference between the conspiracy and its end has led this Court consistently to attribute to Congress "a tacit purpose—in the absence of any inconsistent expression—to maintain a long-established distinction between offenses essentially different; in the criminal law is not easily overestimated." Ibid.; *Callanan* [*Callanan v. U. S.*, 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961)], at 594.

Similarly, the law of this Court from the beginning of its existence has been that conspiracy and the offense to which the accused is alleged to have conspired are separate offenses and may be separately punished. *United States v. Yarborough*, 1 U.S.C.M.A. 678, 5 C.M.R. 106 (1952). Hence, it has been long and well settled both in this Court and in the Supreme Court that the military conspiracy offense

in violation of Article 130, UCMJ, 10 U.S.C. § 930, but he was acquitted of this activity. As punishment for the two crimes of which the appellant was convicted, he was sentenced to a bad-conduct discharge, confinement at hard labor for 2 years, and forfeiture of $100 pay per month for 24 months, which sentence, along with the findings, were approved at all levels below.

**2.** The conspiracy statute involved in *United States v. Feola*, 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975), was 18 U.S.C. § 371, which, as the parties agree, was the predicate for Article 81 of the Uniform Code.

and its civilian federal counterpart are punishable apart from the substantive crime.[3]

It is axiomatic that the Congress is presumed to notice how its statutes are interpreted, especially by courts of last resort, and is presumed to be in agreement therewith when it then proceeds to reenact a given piece of legislation in identical form.[4] Therefore, as was stated by the Court in *Iannelli v. United States, supra,* there exists in Congress " 'a tacit purpose—in the absence of any inconsistent expression—to maintain a long established' " principle in our law that a substantive offense and a conspiracy to commit that offense may be, as the *Manual*[5] puts it, separately "charged, tried, and punished." [6]

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge FLETCHER concurs.

**3.** The reason for consistently holding that conspiracies can be made separately punishable from the substantive crime is that there is an increased danger concentrated in a confederation of law violators. As the Supreme Court phrased it in *Callanan v. United States,* 364 U.S. 587, 593–94, 81 S.Ct. 321, 325, 5 L.Ed.2d 312 (1961):

> This settled principle derives from the reason of things in dealing with socially reprehensible conduct: collective criminal agreement—partnership in crime—presents a greater potential threat to the public than individual delicts. Concerted action both increases the likelihood that the criminal object will be successfully attained and decreases the probability that the individuals involved will depart from the path of criminality. Group association for criminal purposes often, if not normally, makes possible the attainment of ends more complex than those which one criminal could accomplish. Nor is the danger of a conspiratorial group limited to the particular end toward which it has embarked. Combination in crime makes more likely the commission of crimes unrelated to the original purpose for which the group was formed.

Hence, the formation of conspiratorial groups is deemed socially harmful because of the added danger and, thus, is made specifically punishable for this reason. That rationale remains persuasive to the courts. *See also Iannelli v. United States,* 420 U.S. 770, 777–79, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975).

**4.** *See Shapiro v. United States,* 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1947); *Armstrong Paint & Varnish Works v. Nu-Enamel Corp.,*

**COOK, Judge (concurring):**

Certain reservations as to footnote 6 impel me to comment upon it. In my opinion, congressional authority to treat conspiracy and the substantive offense which is the object of the illegal agreement as separately punishable acts is not fully determinative of the issue. Article 56, Uniform Code of Military Justice, 10 U.S.C. § 856, confers authority upon the President to fix limits of punishment. I construe that authority to allow the President, if he wished, to direct that conspiracy and the substantive offense *not* be separately punishable. Consequently, reference to, and consideration of, what the President has done is essential to determination of the issue before us. As the text of the principal opinion indicates, in the substantive provisions of the Code, Congress has authorized separate punishment. In the Manual for Courts-Martial, United

305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195 (1938); *United States v. Ryan,* 284 U.S. 167, 52 S.Ct. 65, 76 L.Ed. 224 (1931).

**5.** Manual for Courts-Martial, United States, 1969 (Rev).

**6.** Paragraph 160, MCM. This language merely reflects the state of the prevailing law, rather than prescribes or defines it, for the President has no authority to do the latter, as it does not address "procedure, including modes of proof, in cases before courts-martial." Article 36(a), UCMJ, 10 U.S.C. § 836(a). Moreover, contrary to what Government counsel have urged to this Court, the authority of the President under Article 56 of the Uniform Code to prescribe the maximum sentence for a given offense does not alter this, for the authority to set a maximum sentence for conspiracy does not carry with it the authority to decide whether conspiracy may be *separately* punished from the substitute offense when the substantive offense is completed, charged, and punished. Finally, while we find the "tacit purpose" of the Congress in its failing to express a contrary desire to that of well-established decisional case law of the Supreme Court and of this Court, we do not also include in that basis the language of the President in paragraph 160 of the *Manual,* for the "punished" term in that paragraph appeared in the 1969 version thereof, *after* the latest statutory action by the Congress on the Uniform Code in 1968, and it was not a part of the 1951 edition of the *Manual.*

States, 1969 (Rev), the President made manifest that such separateness was to continue. In other respects, I agree with, and concur in, the principal opinion.