UNITED STATES, Appellee,

v.

Specialist Five Alvis C. PHIFER, SSN 244–80–1854, United States Army, Appellant.

CM 434883.

U. S. Army Court of Military Review.

1 June 1977.

---

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Major Benjamin A. Sims, JAGC, and Captain Robert D. Jones, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, Major Steven M. Werner, JAGC, and Captain Glen D. Lause, JAGC, were on the pleadings for appellee.

Before COOK, Senior Judge, and DRIBBEN and DeFORD, JJ.

## OPINION OF THE COURT

DeFORD, Judge:

The appellant after having been apprehended for absence without leave and larceny was placed in confinement in Thailand. During this period of confinement, he was escorted from a cell to a bathroom in the detention facility where he assaulted the guard with his elbow rendering him unconscious. The appellant then removed the guard's pistol and as appellant departed the building, he assaulted another policeman by aiming the pistol at him. Following conviction pursuant to his pleas of the foregoing offenses, appellant alleges error

was committed in his trial in that the military judge improperly instructed the court as to the maximum punishment applicable to the offenses for which he was convicted.

Specification 2, Charge I (a two-day AWOL); Charge II (escape from confinement); Charge IV (assault and battery and misappropriation of a .45 caliber pistol)[1] and Charge V (aggravated assault) all arose from the appellant's escape from confinement. The remaining charges, an 84-day AWOL (Specification 1, Charge I) and larceny of less than $100.00 (Charge III) were unrelated to the appellant's escape from confinement.

The military judge considered six and a half years was the maximum confinement at hard labor. This computation included Specification 2, Charge I (a two-day AWOL) and Charge II (escape from confinement) as being multiplicious for sentence purposes.

Appellant urges that the maximum confinement for Charge IV (six months) as well as the offenses which the trial judge considered multiplicious all merged with the greater offense of aggravated assault thus reducing the total maximum confinement to five years.

It has been clearly established in military law that an accused must not be punished twice for the same offense.[2]

The solution to the issue of multiplicity turns on the evidence of record.[3] In *Kleinhans, supra*, it was held that charges of opening mail matter and larceny of money from the opened mail were multiplicious for sentence purposes because it was a single handling of the mail with a single impulse or intent to commit larceny. This Court has previously held that escape or attempt-

---

1. The appellant was initially charged in Charge IV with the offense of robbery. He pleaded by exceptions and substitutions to the lesser included offenses of misappropriation of a .45 caliber pistol and assault and battery of his guard in violation of Articles 121 and 128, respectively. The offense is not considered duplicitous where the primary offense (robbery) is a compound offense made up of the two lesser included offenses (assault and larceny) and are easily identifiable and provide no hin-

drance in preparing for trial. *See United States v. Calhoun*, 5 U.S.C.M.A. 428, 18 C.M.R. 52 (1955).

2. *United States v. Mirault*, 18 U.S.C.M.A. 321, 40 C.M.R. 33 (1969); *United States v. Modesett*, 9 U.S.C.M.A. 152, 25 C.M.R. 414 (1958).

3. *See United States v. Kleinhans*, 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964).

ed escape from confinement merged with aggravated assault when the aggravated assault was the single act which established the attempt to escape or to escape.[4] In *United States v. Pearson*,[5] the United States Court of Military Appeals considered a similar problem. There the appellant was one of 20 prisoners being transferred to a confinement facility when an attempt to escape was instigated by other prisoners. Pearson assisted another prisoner in holding one of two guards, then effected his own escape. The Court cited *Kleinhans* and held that Pearson was able to overthrow military control of his person only because the two guards were overcome. Thus the two offenses that were committed (escape from confinement and assault) were committed out of a single impulse as shown by the total evidence.

 Here the appellant not only assaulted his guard and removed his weapon in his effort to remove military control of his person but also committed an assault with a dangerous weapon on a second military policeman (Charge V) that he inadvertently met as he exited the building. The appellant had in fact removed the restraint on his person (confinement) prior to his

chance meeting with the second military policeman. Accordingly, we do not believe that this aggravated assault was the consequence of his single impulse or intent to escape from confinement although committed in an effort to maintain his freedom. Accordingly, the correct maximum confinement under the circumstances of this case was six years.[6] The military judge's determination that the maximum confinement was six years and six months was error. Accordingly, we will reassess the sentence.

The other assignments of error have been considered and are deemed to be without prejudice to the rights of the accused.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms the sentence.

Senior Judge COOK and Judge DRIBBEN concur.

---

4. *See United States v. Miller*, 39 C.M.R. 450 (A.B.R.1968); *United States v. Tilley*, 35 C.M.R. 604 (A.B.R. 1965).

5. 19 U.S.C.M.A. 379, 41 C.M.R. 379 (1970).

6. The assault and battery and misappropriation of a .45 caliber pistol (Charge IV), escape from confinement (Charge II) and AWOL all merged into the greater offense of escape from confinement. Paragraph 76a (5), Manual for Courts-Martial, United States, 1969 (Revised edition);

*United States v. Pearson, supra.* The maximum punishment for these offenses was a dishonorable discharge, confinement at hard labor for one year, total forfeitures, and reduction to E–1. The maximum punishment for the remaining offenses consisted of a dishonorable discharge, confinement at hard labor for five years, total forfeitures and reduction to the grade of Private E–1.