**UNITED STATES, Appellee,**

v.

**Private First Class Lloyd L. FORNEY, Junior, SSN 482–82–3052, United States Army, Appellant.**

**CM 436947.**

U. S. Army Court of Military Review.

26 July 1978.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Carlos A. Vallecillo, JAGC, and Captain Julius Rothlein, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Douglas P. Franklin, JAGC, and Captain Richard A. Canatela, JAGC, were on the pleadings for appellee.

Before CLAUSE, DRIBBEN and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

█ The main issue to be decided in this case is whether the government complied with *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (C.M.A.1975) when it served the staff judge advocate's review and record of trial on an attorney who was no longer representing appellant.

Appellant, who pleaded guilty to larceny and robbery was represented at the proceeding below by his retained civilian attorney, Mr. Joel A. Cohen. His detailed defense counsel, Captain G. was not present. The military judge, after finding the appellant guilty, sentenced him to a bad-conduct discharge, confinement at hard labor for nine months and total forfeiture of all pay and allowances. Appellant then released Mr. Cohen as his attorney and agreed that he would be represented from that point on by Captain G. for all post-trial purposes until appellate counsel had been appointed.

The staff judge advocate's review was mailed on 13 May 1977 to Mr. Cohen. About two weeks later the government tried to contact Mr. Cohen in order to determine whether he had received the post-trial review. This effort was unsuccessful. On 27 June 1977 the government received a call from Mr. Cohen's law partner who stated that Mr. Cohen had received the review and had sent back the review and the attached record via the German postal service.

On 14 July 1977 the government, not having received the review back from Mr. Cohen, again contacted Cohen's partner who stated that Mr. Cohen told him that nothing had been submitted in rebuttal.

On 15 July 1977 action was taken by the convening authority and an order was promulgated. The review and record which were sent to Mr. Cohen, and placed in the mail by him were never received by the government.

The government contends the issue here is whether appellant was prejudiced by the service of the review and record of trial upon Mr. Cohen. We perceive the issue differently. Is the mandate of *United States v. Goode, supra,* satisfied by service upon one who is not appellant's attorney? This question has already been answered in the negative in *United States v. Jones,* 4 M.J. 545 (A.C.M.R.1977). It makes no difference that Mr. Cohen at one time represented appellant. As far as appellant was concerned, Mr. Cohen was a stranger when the review and record were sent to him.* It will therefore be necessary to set aside the convening authority's action.

█ Appellant raises two other issues. He contends the sentencing policy of the military judge requires at this stage of the proceedings a dismissal of the charges. We do not agree. The sentencing policies of this particular judge were discussed in *United States v. Caruth,* 4 M.J. 924 (A.C.M. R.1978) wherein the Court determined the crucial issue to be whether, under the facts of the case, the plea was voluntarily entered. There is no suggestion here that appellant's pleas were not voluntary.

█ Appellant was convicted on 21 April 1977. The record was lost en route to the United States and had to be reconstructed. It was not until 28 March 1978 that it was received by the United States Army Legal Services Agency. Appellant's claim that

---

* The record does not disclose that Mr. Cohen even undertook to represent him when the review and record were received. It only shows he told his associate he returned the items and nothing in rebuttal was submitted.

this delay mandates dismissal is without merit since there are no errors in the trial proceedings which require reversal of conviction. *United States v. Green,* 4 M.J. 203 (C.M.A.1978).

The action of the convening authority dated 15 July 1977 is set aside. The record of trial is returned to The Judge Advocate General for a new action, if by the same convening authority, or a new review and action, if by a different convening authority. Unless he arranges for civilian counsel or is assigned individual military counsel at his request, appellant must be afforded the services of assigned counsel who has established an attorney-client relationship either directly or in association with appellate counsel for the defense.

Senior Judge CLAUSE did not participate.