UNITED STATES

v.

**Royal D. KINION, Jr., 247 25 4067, Private (E-1), U. S. Marine Corps.**

**NCM 78 0754.**

U. S. Navy Court of Military Review.

20 Sept. 1978.

CAPT G. M. Potter, USMC, Appellate Defense Counsel.

LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, ROOT and BAUM, JJ.

PER CURIAM:

Pursuant to his pleas before a special court-martial bench trial, the appellant was convicted of possession of phencyclidine and two offenses of possession of marijuana, in violation of the Uniform Code of Military Justice, Article 92, 10 U.S.C. § 892, and of attempted use of marijuana, in violation of

Article 80, 10 U.S.C. § 880. In accordance with the limitations of his pretrial agreement, the convening authority approved only so much of appellant's sentence as provided for a bad-conduct discharge, confinement at hard labor for 90 days, and forfeiture of $210 pay per month for 4 months.

During the trial below, the military judge considered one offense of possession of marijuana and the possession of phencyclidine as multiplicious for sentencing purposes. Defense counsel argued that the offense of attempted use of marijuana was also multiplicious for sentencing with the offense of possession of marijuana. Although the facts showed simultaneous possession of 7.5 grams of marijuana and attempted use of a portion of that substance at the time of appellant's apprehension on 20 January 1978, the military judge denied the defense motion and, relying on *United States v. Poinsett*, 3 M.J. 697 (A.F.C.M.R.1977), *pet. denied*, 3 M.J. 483 (C.M.A.1977), held the offenses separate for purposes of sentencing. The staff judge advocate's review for the supervisory authority below found the offenses to be multiplicious and the military judge to have erred in finding them separate; however, the staff judge advocate opined that the error was *de minimis* and required no corrective action.

On appeal before this Court, appellant adopts the reasoning of the staff judge advocate in support of the conclusion that the offenses are multiplicious and not separate. Appellant assigns as error, however, the staff judge advocate's determination

that no corrective action was necessary and the corresponding failure of the supervisory authority to take action in this matter.

██ Although the maximum punishment in this special court-martial was not increased because of the military judge's determination, it is evident that consideration was given to the offenses of possession and attempted use of marijuana as two separate offenses for sentencing. Consistent with the staff judge advocate's own reasoning, we find the offenses to be multiplicious for sentencing purposes. A new sentencing hearing or reassessment by the supervisory authority would have been appropriate recommendations by the staff judge advocate. Since neither course was advised or followed below, we must take the appropriate action at this level. Accordingly, we choose to reassess the sentence in this case.

In finding the offenses multiplicious and not separate, this Court does not consider itself bound by the determination of the staff judge advocate below. *United States v. Johnson*, No. 77 1576 (N.C.M.R. 29 December 1977), *pet. denied*, 5 M.J. 96 (C.M.A. 1978); *United States v. Bacon*, 47 C.M.R. 820 (N.C.M.R.1973).

██ The determination of whether or not offenses are multiplicious for sentencing generally requires an examination of the facts in each instance to determine whether or not there has been an integration of events sufficient to result in essentially one offense.[1] The factual context of

---

1. The law relative to the issue of multiplicious offenses for purposes of sentencing was recently summarized by the Court of Military Appeals in *United States v. Harrison*, 4 M.J. 332, at 333–34 (C.M.A.1978):

    . . . Several tests have been applied by this Court to determine the multipliciousness of offenses. Most recently, in *United States v. Irving*, 3 M.J. 6 (C.M.A.1977), the Court relied upon the unity of time and the existence of a connected chain of events to hold that separate charges of the transfer and possession of heroin were multiplicious for sentencing purposes. *See also United States v. Axley*, 1 M.J. 265 (C.M.A.1976). Offenses generated by a "single impulse" do not necessarily demand a conclusion of singleness of

punishment (*United States v. Burney*, 21 U.S. C.M.A. 71, 73, 44 C.M.R. 125, 127 (1971)), but the integration of events can establish such offenses as multiplicious, as in *United States v. Weaver*, 20 U.S.C.M.A. 58, 42 C.M.R. 250 (1970), where the Court held that escape from confinement, offering violence against a superior commissioned officer, and assault upon a military policeman in the execution of his duties were multiplicious. Of course, an offense which requires proof of identical elements of another offense (lesser included) cannot be the basis for additional punishment. *United States v. Posnick*, 8 U.S.C. M.A. 201, 24 C.M.R. 11 (1957). The Court has also relied upon the existence of separate societal norms in holding that offenses are separately punishable. *United States v.*

this case reveals possession by appellant of 7.5 grams of marijuana and attempted use of a portion of that marijuana at the same time and place. An integration of events is here demonstrated by a unity of time, a connection of events, and apparent generation by a single impulse. Thus, one offense is shown for purposes of sentencing.

We are aware that application of general principles for determining multiplicity may become unusually cumbersome in drug cases, and offer little guidance in certain factual situations. The following words of Chief Judge Fletcher of the Court of Military Appeals provide an alternative approach in this case which is both supportive of our conclusion and more practical in implementation: "For the benefit of those who must implement our decisions on a daily basis, I would state the rule differently. Absent an expression of congressional intent to the contrary, it is inappropriate to subject an individual to multiple punishment for multiple drug offenses where the drug allegedly distributed, transferred, used, or sold is part or all of the quantum of the drug allegedly possessed. . . ." *United States v. Smith* (Fletcher, C. J., concurring in the result), 1 M.J. 260, 262 (C.M.A.1976). We hold that possession of marijuana and attempted use of a portion of that marijuana are multiplicious offenses for purposes of sentencing.

■ The findings in this case are affirmed. Upon reassessment, only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for 90 days, and forfeiture of $210 pay per month for a period of 2 months is approved.

---

*Beene*, 4 U.S.C.M.A. 177, 15 C.M.R. 177 (1954). *See United States v. Washington*, 1 M.J. 473, 475 n. 3 (C.M.A.1976).

From the foregoing discussion it is clear that no one test can be applied to the exclusion of all others. As the Court observed in *United States v. Washington, supra* at 474:

In assessing punishment for different criminal acts committed in an integrated incident, the "primary concern" is to avoid "punishing an accused twice for what is essentially one offense." *United States v. Mirault*, 18 U.S.C. M.A. 321, 323, 40 C.M.R. 33, 35 (1969).

However, the problem involves such a complex of constitutional, statutory, and judicial policy ramifications that no single judicial approach to it has received universal approbation. *United States v. Meyer*, 21 U.S.C. M.A. 310, 45 C.M.R. 84 (1972); *United States v. Burney*, 21 U.S.C.M.A. 71, 44 C.M.R. 125 (1971).

Indeed, each case must be analyzed within its own factual context. *United States v. Irving, supra*; *United States v. Smith*, 1 M.J. 260 (C.M.A.1976).