UNITED STATES, Appellee,

v.

Private First Class Raymond E. SWA-
NEY, II, SSN 286–66–1754, United
States Army, Appellant.

CM 438769.

United States Army Court of
Military Review.

30 May 1980.

Colonel Edward S. Adamkewicz, Jr.,
JAGC, Lieutenant Colonel John F. Lymbur-
ner, JAGC, Captain Kevin E. O'Brien,
JAGC, and Captain Alan W. Schon, JAGC,
were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC,
Major David McNeill, Jr., JAGC, Major
Robert B. Williams, JAGC, and Captain
Lawrence W. Fitting, JAGC, were on the
pleadings for appellee.

Before RECTOR, CARNE and O'DON-
NELL, Appellate Military Judges.

OPINION OF THE COURT

O'DONNELL, Judge:

Several unsuccessful attempts by the ap-
pellant to recover money he had lent to

Specialist Four Timothy D. Harmon culminated in the events leading to the offenses in this case. On the night in question after consuming a quantity of alcohol, the appellant went to the barracks room of Specialist Four Charles W. Emig in a further effort to obtain the money. Harmon had previously informed the appellant that Emig owed him (Harmon) a sum of money and that the appellant could obtain it in partial payment of the debt. In addition to Emig, Harmon and a soldier named Moore were in the room. The appellant entered the room and immediately started hitting Emig who was asleep at the time. Harmon and Moore left at the appellant's insistence. The appellant then demanded money from Emig who denied owing him any. The appellant continued to assault Emig by hitting him with his fists. Emig suffered several injuries in the facial area to include a broken and dislocated nose and a dislocated jaw. The appellant then removed approximately $70.00 in United States and German currency from Emig's trousers which were hanging on a nearby chair. As a result of these acts, the appellant was charged with robbery and intentionally inflicting grievous bodily harm.

After the appellant took the money from Emig, he went to another room in the barracks to confront Harmon. The appellant demanded money from Harmon to no avail, whereupon he proceeded to assault him by choking him and hitting him with an entrenching tool. Harmon's injuries included bruises, a split lip and a deep cut on his head. The appellant then threatened to kill Harmon unless he paid the appellant $40.00 within thirty minutes. Harmon agreed but only to get away from the appellant. As a result of these acts, the appellant was charged with extortion and intentionally inflicting grievous bodily harm.

At trial, the appellant pleaded guilty to lesser offenses in return for an agreement from the convening authority to limit punishment. As to the Harmon incident, the appellant pleaded guilty to wrongfully communicating a threat (vice extortion) and a lesser form of aggravated assault. As to the Emig incident, the appellant pleaded guilty to wrongfully communicating a threat (vice robbery) and a lesser form of aggravated assault. The military judge accepted these pleas and sentenced him to a bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for three years, and reduction to the lowest enlisted grade. The convening authority reduced the confinement to eighteen months and approved the remainder of the sentence as adjudged.

The appellant contends that because the military judge failed to treat the offenses as to each victim as multiplicious for sentencing purposes his pleas of guilty were improvident. We agree that the offenses were multiplicious but conclude that this had no effect on the providency of the pleas.

It is fundamental that an accused should not be punished twice for what is essentially one offense. *United States v. Mirault*, 18 U.S.C.M.A. 321, 323, 40 C.M.R. 33, 35 (1969). The Court of Military Appeals has held that two offenses are not separate for sentencing if the accused was guided by a "single impulse" (*United States v. Pearson*, 19 U.S.C.M.A. 329, 41 C.M.R. 379 (1970)), or if the evidence shows that the offenses were part of a "single integrated transaction" (*United States v. Murphy*, 18 U.S.C.M.A. 571, 40 C.M.R. 283 (1969)). The facts in this case, as determined by the providency hearing and the stipulation of fact entered into by the parties, show as to each victim what is essentially a single transaction in which the appellant was guided by a single impulse, viz., violence or threatened violence for the purpose of recovering money. Under the circumstances, the offenses as to each victim are multiplicious for sentencing purposes. *See United States v. Metcalf*, 41 C.M.R. 574 (A.C.M.R. 1969).

At trial, however, the military judge as well as the parties treated the offenses as separate. Thus, the judge announced the maximum authorized confinement for the offenses to which the appellant had pleaded guilty to be twelve years when in fact the maximum was only six years.

The Court of Military Appeals has held that "a plea of guilty may be improvident if it is predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject." *United States v. Windham*, 15 U.S.C. M.A. 523, 525, 36 C.M.R. 21, 23 (1965). *See United States v. Harden*, 1 M.J. 258 (C.M.A. 1976).

The rationale for this rule appears to be that an accused would be motivated to plead guilty to escape the rigors of a substantially overstated maximum sentence, whereas had he known the true maximum he would have contested the case. Generally, in determining whether the plea is improvident a comparison must be made between the legal maximum punishment the accused faced and the erroneous maximum upon which he predicated his plea of guilty. Thus, in *Harden, supra*, the Court held that the difference between the legal maximum of ten years and the judge's erroneous determination of twenty years was substantial, thereby rendering the plea improvident. The Court reached a similar result in *United States v. Castrillon-Moreno*, 7 M.J. 414 (C.M.A.1978), where the judge declared the maximum confinement to be ten years, but the legal maximum was only two years.

In the instant case, however, the military judge did not overstate the maximum; he understated it. True, the judge advised the appellant that the maximum confinement that could be adjudged for the offenses to which he pleaded guilty was twelve years when in reality it was only six. That is not the crucial comparison, however, as the appellant pleaded guilty to lesser offenses as part of a pretrial agreement. Had he not entered into the agreement, he would, it may safely be assumed, have been prosecuted on the charges as originally referred to trial, viz., extortion, two specifications of intentionally inflicting grievous bodily harm, and robbery. The maximum authorized confinement for these offenses, in view of their multiplicious nature, is fifteen years. Under the circumstances, any misunderstanding the appellant may have had could not have invalidated his pleas.

Our remaining task is to determine whether the appellant was prejudiced in the imposition of the sentence by the failure of the judge to treat the offenses as multiplicious. Considering the relative severity of these offenses and the sentence approved by the convening authority, we find no prejudice.

The findings of guilty and the sentence are AFFIRMED.

Chief Judge RECTOR and Senior Judge CARNE concur.