**UNITED STATES, Appellee,**

v.

**Captain Samuel JEFFERSON, Jr., SSN 239–86–5203, United States Army, Appellant.**

**CM 442048.**

U. S. Army Court of Military Review.

21 Oct. 1982.

al court-martial at Fort Eustis, Virginia. He was arraigned on charges alleging six specifications of conduct unbecoming an officer and a gentleman, for committing adultery and fraternization (Specifications 1 through 6 of Charge I), violations of Article 133, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 933 (1976), and three specifications each of adultery and fraternization (Specifications 1 through 3 and 4 through 6 of Charge II, respectively), violations of Article 134, UCMJ, 10 U.S.C. § 934 (1976). Consistent with his pleas, the appellant was convicted of Specifications 1 through 6 of Charge I. The military judge on his own motion dismissed Specifications 1 through 6 of Charge II as being multiplicious with Specifications of Charge I. He also found Specifications 1, 2, and 3 were multiplicious for sentencing purposes with Specifications 4, 5, and 6 of Charge I, although he did not dismiss either three. The adjudged sentence to be dismissed from the service was approved by the convening authority.

Appellant contends on appeal that (1) the military judge erred in failing to dismiss Specifications 1, 2, and 3 of Charge I on his own motion for failure to state an offense, and, in the alternative, (2) the military judge erred in finding the appellant guilty of Specifications 1, 2, and 3 of Charge I as they were multiplicious for findings purposes with Specifications 4, 5, and 6 of Charge I. For the reasons set forth below, we find the appellant's contentions without merit and affirm.

Captain Dennis E. Brower, JAGC, and Captain Warren G. Foote, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Patrick M. Flachs, JAGC, and Captain Paul E. Jordan, JAGC, were on the pleadings for appellee.

Before FULTON, COHEN and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

On 19 January 1982 the appellant was tried by a military judge sitting as a gener-

### I

■ Specifications 1, 2, and 3 of Charge I, alleging conduct unbecoming an officer in violation of Article 133, UCMJ, are pleaded identically (except for the dates of the incidents) in terms of an adultery in violation of Article 134, UCMJ. By way of example, Specification 1 of Charge I reads:

In that Captain Samuel Jefferson, Junior, US Army, Headquarters and Headquarters Detachment, 6th Transportation Battalion, Fort Eustis, Virginia, a married

man, did on or about three occasions during the month of July 1981, at Fort Eustis, Virginia, a US Army installation, wrongfully have sexual intercourse with Specialist Five Teri L. Black, US Army, a married woman not his wife.

Appellant asserts that the first three specifications of Charge I are fatally defective in that they fail to allege that the act of sexual intercourse was dishonorable, what the duty capacity of the appellant was at the time of the offense, or that the act, under the circumstances, constituted conduct unbecoming an officer and a gentleman, and as a result the appellant was not fully apprised as to how he would defend against these allegations. On the contrary, the Government contends that the adulterous activities alleged constituted circumstances of unbecoming conduct sufficient to place the appellant on notice of what criminal conduct he had to defend against.

■ "Every essential element of the offense sought to be charged must be alleged directly or by clear implication in the specification." *United States v. Fout*, 3 U.S.C. M.A. 565, 568, 13 C.M.R. 121, 124 (1953). *See also United States v. Fleig*, 16 U.S.C. M.A. 444, 37 C.M.R. 64 (1966). Paragraph 28*a*(3), Manual for Courts-Martial, United States, 1969 (Revised edition) [hereinafter Manual], provides that a specification should include "[a] statement in simple and concise language of the facts constituting the offense." The burden is on the Government to establish the legal sufficiency of a questioned specification, *United States v. Buswell*, 45 C.M.R. 742 (ACMR 1972), and notwithstanding a guilty plea, such specifications may be challenged on appeal, *United States v. Morgan,* 44 C.M.R. 898 (ACMR 1971). In *United States v. Sell,* 3 U.S.C. M.A. 202, 11 C.M.R. 202 (1953), the Court of Military Appeals held:

The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet; and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Furthermore, when pleadings have not been attacked prior to findings and sentence, it is enough to withstand a broadside charge that they do not state an offense, if the necessary facts appear in any form or by fair construction can be found within the terms of the specifications.

*Id.* at 206, 11 C.M.R. at 206.

■ Article 133, UCMJ, proscribes conduct unbecoming an officer and a gentleman and paragraph 212, Manual, defines it. To constitute an offense under Article 133, UCMJ, the conduct must amount to:

[A]ction or behavior in an official capacity which, is dishonoring or disgracing the individual as an officer, seriously compromises his character as a gentleman, or action or behavior in an unofficial or private capacity which, in dishonoring or disgracing the individual personally, seriously compromises his standing as an officer. There are certain moral attributes common to the ideal officer and the perfect gentleman, a lack of which is indicated by acts . . . of indecency or indecorum. . . . Not everyone is or can be expected to meet ideal moral standards, but there is a limit of tolerance below which the individual standards of an officer . . . cannot fall without seriously compromising his standing as an officer . . . or his character as a gentleman. This article contemplates conduct by a commissioned officer . . . which, taking all the circumstances into consideration, is thus compromising. This article includes acts made punishable by any other article, provided the acts amount to conduct unbecoming an officer and a gentleman. [Paragraph 212, Manual].

It is unnecessary that the conduct amount to an offense otherwise, but "it must offend

so seriously against law, justice, morality or decorum, as to expose to disgrace, socially, or as a man, the offender, and at the same time must be of such a nature or committed under such circumstances as to bring dishonor or disrepute upon the military profession which he represents." W. Winthrop, *Military Law and Precedents,* 711–12 (2d ed., 1920 reprint). *See United States v. Giordano,* 15 U.S.C.M.A. 163, 35 C.M.R. 135 (1964); *United States v. Wolfson,* 36 C.M.R. 722 (ABR 1966).

In *Wolfson, supra,* at 727 the Army Board of Review observed that the words "conduct unbecoming an officer and a gentleman" are "nothing more than traditionally permissible surplusage in specifications" and their use "can add nothing of legal effect to an allegation of conduct not of such a discrediting nature—and its omission detracts not at all from the conduct which clearly is. [Citations omitted.]" *See also United States v. DeStefano,* 5 M.J. 824 (ACMR 1978), *aff'd on other grounds,* 9 M.J. 397 (CMA 1980) (mem.). Thus, the absence of the phrase "conduct unbecoming an officer and a gentleman" in the first three specifications of Charge I has no effect on the questioned specifications. *United States v. DeStefano, United States v. Wolfson,* both *supra.* Because the questioned specifications as drawn, do contain all of the essential elements of the offense of adultery (wrongful sexual intercourse and marriage to another person) they are sufficient to meet the first element of the three-part *Sell* test set out above within the context of the holding in *Wolfson, supra.* Secondly, the allegations stated in Specifications 1, 2, and 3 of Charge I sufficiently apprise the appellant of what he must defend himself against. These specifications note the superior-subordinate relationship of the two participants by identifying them as members of the "US Army" and holding the ranks of "Captain" and "Specialist Five" respectively, and adequately describe the adulterous behavior. There is no question that such behavior as alleged constitutes conduct unbecoming an officer and a gentleman. Under these circumstances, "[t]here can be no doubt to the reasonably prudent officer, or to the appellant, that the particular acts which took place here are so debilitating of the dignity required by an officer's obligations as to disgrace him as an officer and a gentleman. Accordingly, appellant could reasonably understand that his conduct was unbecoming. *See Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974)." *United States v. Parini,* 12 M.J. 679, 684 (ACMR 1981). Thirdly, the questioned specifications state factual allegations sufficient to protect the appellant from future prosecution for the same criminality. *Sell, supra.* Consequently, the test for sufficiency has been met as proscribed in *United States v. Sell, supra,* and we accordingly find that Specifications 1, 2, and 3 of Charge I do state offenses chargeable under Article 133, UCMJ.

## II

Appellant contends next that Specifications 1, 2, and 3 (adultery) are multiplicious for findings purposes with Specifications 4, 5, and 6 of Charge I (fraternization).[1]

Generally, what is substantially one transaction should not be charged as two or

---

1. Except for different dates, Specifications 4, 5, and 6 are virtually identical. By way of illustration, Specification 4 reads as follows:

In that Captain Samuel Jefferson, Junior, US Army, Headquarters and Headquarters Detachment, 6th Transportation Battalion, Fort Eustis, Virginia, did on or about three occasions during the month of July 1981, at Fort Eustis, Virginia, a US Army installation, wrongfully fraternize and otherwise wrongfully conduct himself in a manner unbecoming an officer and a gentleman, by: having sexual intercourse with Specialist Five Teri L. Black, US Army; in a troop living area, to wit: Building 808, Fort Eustis, Virginia; during normal duty hours; when the said Specialist Black was attached to the same unit which he commanded for purposes of command and control; while both he and the Specialist Black were in military uniform except for the time they were undressed for the purposes of sexual intercourse; while both he and the said Specialist Black were married to persons other than each other; and while both he and the said Specialist Black knew each other knew they were married to other persons.

more offenses. Paragraph 26*b*, Manual. The Government is permitted, however, to plead a single transaction in more than one way to meet exigencies of proof. *United States v. Stegall,* 6 M.J. 176 (CMA 1979); paragraph 26*b,* Manual. As yet, no single test has been fashioned for determining whether charges are multiplicious. *United States v. Harrison,* 4 M.J. 332 (CMA 1978); *see United States v. Burney,* 21 U.S.C.M.A. 71, 44 C.M.R. 125 (1971). At least six tests have been utilized: (1) the elements test; (2) the facts test; (3) the lesser included offense test; (4) the single impulse/integrated transaction test; (5) the unity of time/connected chain of events test; and (6) the societal norm test. *United States v. Chisholm,* 10 M.J. 795, 798 n. 3 (AFCMR 1981).

Where the facts underlying charged offenses are so integrated as to be, in effect, a single transaction or chain of events, such charges have been held multiplicious. *See United States v. Irving,* 3 M.J. 6 (CMA 1977) (involving simultaneous drug offenses). Likewise, offenses committed upon a "single impulse" have been held to be one offense for punishment purposes. *See United States v. Weaver,* 20 U.S.C.M.A. 58, 42 C.M.R. 250 (1970) (multiple offenses emanating from escape from confinement). However, the Court of Military Appeals has recognized that neither the single integrated transaction or single impulse test should be used "as a talisman to overcome more penetrating analysis when there are clearly two or more distinct criminal acts that arose out of essentially one overall transaction or course of conduct." *United States v. Burney, supra* at 127.

The multiplication of appellant's individual acts of intercourse into specifications of adultery and fraternization passes the elements and facts tests. To convict the appellant·of the adultery offenses, the Government would have had to establish that the appellant had engaged in wrongful sexual intercourse with Specialist Black and further prove that both were married to other persons.[2] To establish the fraternization specifications, the Government would have had to prove, in addition to the acts of sexual intercourse, the various allegations constituting fraternization (*e.g.,* that the acts occurred in a troop billets at Fort Eustis, during normal duty hours, and that Specialist Black was attached to the unit which the appellant commanded). Furthermore, because an officer's adultery is not necessarily fraternization and *vice versa,* neither offense is lesser included in the other. The Government could have proved adultery without proving the enlisted status of Specialist Black and likewise have proved fraternization without proving that the acts of sexual intercourse were adulterous.

It becomes singularly apparent that both adultery and fraternization specifications were reasonably charged when we apply the societal norms test. *United States v. Beene,* 4 U.S.C.M.A. 177, 15 C.M.R. 177 (1954). The adultery allegations concern the preservation of the institution of marriage, whereas the fraternization allegations concern the proscription of illicit relationships between officer and enlisted personnel.[3] Appellant's conduct under the circumstances was clearly unbecoming an officer and gentleman, having a demonstrable impact on the discipline, authority, and mo-

2. Although the offense of adultery in violation of Article 134, UCMJ, requires only that one of the parties involved be married, the Government alleged that both parties were married to other persons.

3. It is concisely observed in the Government's Reply to the Assignment of Errors at 9:
   [D]ifferent societal norms are violated by appellant's unbecoming conduct even though both sets of specifications ultimately constitute behavior likely to dishonor and disgrace him as an officer. By committing adultery appellant violated the marriage relationships of both himself and Specialist Black, and society has an interest in maintaining unbroken marriages. His acts also violated the officer-enlisted relationship. By engaging in wrongful sexual intercourse, during duty hours in the barracks, with an enlisted woman under his command, appellant's unbecoming conduct attacked the very fabric of the military way of life. The societal interest in preserving an unhampered rank structure is thus distinct from that of preserving the marital relationship.

rale of his unit,[4] separate and apart from society's interest in maintaining the equally important sanctity of the marriage relationship.[5]

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge FULTON concurs.

Judge COHEN did not participate in this decision.

4. *See e.g.,* United States v. Free, 14 C.M.R. 466 (NBR 1953); Army Regulation 600–20, para. 5–7f (15 Oct 1980).

5. In view of our holding, we do not reach the question of whether trial defense counsel waived the asserted multiplicity issue by failing to object at trial. *See e.g., United States v. Huggins,* 12 M.J. 657 (ACMR 1981).