UNITED STATES

v.

**Airman First Class Kenneth B. KLINE,
FR 554–45–7072, United States
Air Force.**

ACM 24035.

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 June 1983.
Decided 5 Dec. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Major Richard A. Morgan, and Major Robert L. McHaney, Jr., USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik, Jr.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

RAICHLE, Judge.

Pursuant to a pretrial agreement, the accused was found guilty of use, possession, and distribution of marijuana and cocaine.* Although the trial defense counsel did not raise the issue at trial and concurred in the military judge's calculation of the maximum imposable punishment, the accused now asserts that the specifications of possession and use of marijuana, as well as cocaine, were multiplicious for both findings and sentence purposes. As a result of this multiplicity, he further avers, his pleas were improvident because they were predicated on a substantial misunderstanding as to the maximum punishment. We disagree.

■ Specifications 1, 2, and 3 allege that the accused possessed less than 30 grams of marijuana at divers times from 1 March 1982 to 10 December 1982, and that on 22 and 29 October 1982 the accused possessed more than 30 grams of marijuana. Citing *United States v. Cottle,* 11 M.J. 572 (A.F.C. M.R.1981), the accused argues that these specifications are multiplicious because the two specifications alleging possession on specific dates in October 1982 fall within the general time span of Specification 1 and are indistinguishable. We would agree with this contention if the specifications were, in fact, indistinguishable. However, here Specifications 2 and 3 are different from Specification 1 by virtue of the amounts charged; Specification 2 differs from Specification 3 because of the varying dates. We believe this situation is immediately discernable as different from that in *Cottle.* There, two specifications covered precisely the same timeframe and the same quantity of drugs. Moreover, it is apparent that two very different situations are fairly encompassed by the two offenses charged today. The smaller amounts relate to the accused's *personal* use of marijuana; the larger baggies, in contrast, show possession *with intent to sell.* By no stretch of the imagination are these the "same offense" as the defense would have us believe. Therefore, we do not view any of these specifications as multiplicious with each other for either findings or sentence.

■ Neither are the possession specifications multiplicious with Specification 5 alleging use of marijuana. We recognize, as has the Court of Military Appeals that "such dual charging of use and possession *might* be considered multiplicious for sentencing if tried together by a United States military court." *United States v. Green,* 14 M.J. 461, 467 (C.M.A.1983) (emphasis in original). In making this determination we must look to the evidence of record.

The stipulation of fact indicates that over a nine month period the accused, on numerous occasions, possessed quantities of marijuana divided into one-quarter and one-eighth ounce baggies; that on at least two occasions these quantities exceeded 30 grams; that during the same period, also on numerous occasions, he smoked marijuana; and that throughout the period he distributed marijuana to other airmen on many occasions.

Given these circumstances, we find this factual pattern to be similar, if not identical, to the pattern described in *United States v. Mirault,* 18 U.S.C.M.A. 321, 40 C.M.R. 33 (1969). And, like the Court of Military Appeals in that case, we are convinced that the facts enunciated in the stipulation combined with the guilty plea are

---

* The specifications may be summarized as follows:
  1. Possession of less than 30 grams of marijuana at divers times from 1 March 1982 to 10 December 1982.
  2. Possession of more than 30 grams of marijuana on 22 October 82.
  3. Possession of more than 30 grams of marijuana on 29 October 82.
  4. Transfer marijuana at divers times from 1 June 1982 to 30 September 1982.
  5. Use marijuana at divers times from 1 July 1982 to 1 November 1982.
  6. Distribute marijuana at divers times from 1 October 1982 to 10 December 1982.
  7. Possess cocaine at divers times from 1 June 1982 to 10 December 1982.
  8. Distribute cocaine at divers times from 1 October 1982 to 10 December 1982.
  9. Use cocaine on divers occasions during October 1982.

enough for us to decide that the accused knew he had committed separate offenses of using marijuana, of wrongfully possessing it, and of distributing it. We have carefully considered the spate of recent new cases on multiplicity; we find no controlling authority contrary to *Mirault*. Thus, we hold the offenses not multiplicious for any purpose.

The accused next avers that the military judge erred in calculating the maximum imposable punishment. During a session conducted pursuant to Article 39(a), U.C. M.J., 10 U.S.C. § 839(a), the trial defense counsel calculated the maximum confinement at hard labor to be 44 years. Since the military judge disagreed, he proceeded to itemize the maximum punishment for each offense. After stating that five years was the maximum for specification 2 and obtaining the concurrence of the defense counsel, he then stated: "Specification 2 and 3 are the same offense. Five years for 2 and 3 . . . ." It is this semantic confusion which is at the root of the assignment of error.

 The subsequent total maximum punishment, 44 years, upon which all parties agreed, indicates that the military judge included five years for specification 2 and an additional five years for specification 3. Further, he did not instruct the court members that specifications 2 and 3 should be viewed as only one offense, although he did so instruct as to specifications 4 and 6. Given this scenario, we interpret the military judge's remarks, as did all of the parties at trial, to mean that since five years was the punishment for specification 2 and since the offense alleged in specification 3 was the *same type of offense*, the maximum punishment for specification 3 would also be five years. Accordingly, there was never any agreement, tacit or otherwise, that the maximum imposable punishment was only 39 years. Thus, the military judge did not err.

Finally, the accused alleges that his plea of guilty was improvident because it was predicated upon a substantial misunderstanding as to the maximum punishment. For the reasons stated above, we find that the maximum punishment calculated and agreed upon by the parties was not, in fact, erroneous. Further, even if the maximum was in error, the accused specifically agreed that he would not change his mind about whether or not he wanted to plead guilty if the amount of confinement at hard labor were less than the maximum calculated by the parties. Under these circumstances, he is not entitled to relief. *United States v. Hunt*, 10 M.J. 222 (C.M.A. 1981).

We have considered the remaining assigned errors and have resolved them adversely to the accused. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

KASTL, Senior Judge, and CANELLOS, Judge, concur.