UNITED STATES, Appellee,

v.

**Roland H. HARRISON, Disbursing Clerk First Class, U. S. Navy, Appellant.**

No. 34,139.
NCM 762051.

U. S. Court of Military Appeals.

April 3, 1978.

*Lieutenant Lawrence W. Muschamp,* JAGC, USNR, argued the cause for Appellant, Accused. With him on the briefs was *Lieutenant Karl Zobrist,* JAGC, USNR.

*Captain Christopher M. Klein,* USMC, argued the cause for Appellee, United States. With him on the briefs were *Lieutenant Colonel P. N. Kress,* USMC, *Lieutenant Commander N. P. DeCarlo,* JAGC, USN, and *Lieutenant H. S. Pointer,* JAGC, USN.

Opinion of the Court

COOK, Judge:

Appellant was tried by a general court-martial for larceny (Charge I), embezzlement (charged under 18 U.S.C. § 653; Charge II), and signing false official records (Additional Charge, 6 specifications), in violation of Articles 121, 134, and 107, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 934, and 907, respectively. As to the larceny offense, he was found guilty of the lesser included offense of wrongful appropriation, but, otherwise, was convicted as charged and sentenced to a bad-conduct discharge, forfeiture of all pay and allowances, reduction to the lowest enlisted grade, and confinement at hard labor for 2 years. The findings and sentence were approved by the Court of Military Review. We granted review to determine whether the military judge erred by rejecting a defense contention that the six specifications of signing false official records were both multiplicious with each other and with the offense of wrongful appropriation.

Appellant served as an agent cashier for a branch of the Navy Regional Finance Center from 1972 to 1976. He was authorized to hold and disburse cash, and was required to submit a daily balance sheet to the Fiscal Control Department of the Naval Regional Finance Center. He appropriated over $63,000 from the branch office between November 1972 and January 1976. The misconduct was undetected for that period because appellant submitted balance sheets that falsely reported a greater amount of cash on hand. Although the accountability system included periodic examinations of his cash on hand by a cash certification board, this board was unable to obtain the most recent balance sheets from the Finance Center because of a delay in processing such documents. As it required the most recent balance sheets for its verification, it requested and obtained the balance sheets from the appellant. Appellant simply furnished the board with balance sheets which accurately reflected the amount of cash located in his branch office. His misconduct was disclosed in January 1976, when an auditor compared a balance sheet, which had been given to him by the appellant, with the balance sheet for the same date which the appellant had forwarded to the Finance Center. The discrepancy precipitated a full investigation, and the subsequent prosecution of the appellant.

■ We first consider whether the six specifications of signing false official records were multiplicious with the offense of wrongful appropriation. Several tests have been applied by this Court to determine the multipliciousness of offenses. Most recently, in *United States v. Irving,* 3 M.J. 6 (C.M.A.1977), the Court relied upon the unity of time and the existence of a connected chain of events to hold that separate charges of the transfer and possession of heroin were multiplicious for sentencing purposes. *See also United States v. Axley,* 1 M.J. 265 (C.M.A.1976). Offenses generated by a "single impulse" do not necessarily demand a conclusion of singleness of punishment (*United States v. Burney,* 21 U.S.C. M.A. 71, 73, 44 C.M.R. 125, 127 (1971)), but the integration of events can establish such offenses as multiplicious, as in *United States v. Weaver,* 20 U.S.C.M.A. 58, 42 C.M.R. 250 (1970), where the Court held that escape from confinement, offering violence against a superior commissioned officer, and assault upon a military policeman in the execution of his duties were multiplicious. Of course, an offense which requires proof of identical elements of another offense (lesser included) cannot be the basis for additional punishment. *United States v. Posnick,* 8 U.S.C.M.A. 201, 24 C.M.R. 11 (1957). The Court has also relied upon the existence of separate societal norms in holding that offenses are separately punishable. *United States v. Beene,* 4 U.S.C.M.A. 177, 15 C.M.R. 177 (1954). *See United States v. Washington,* 1 M.J. 473, 475, n. 3 (C.M.A. 1976).

From the foregoing discussion, it is clear that no one test can be applied to the exclusion of all others. As the Court observed in *United States v. Washington, supra* at 474:

In assessing punishment for different criminal acts committed in an integrated incident, the "primary concern" is to avoid "punishing an accused twice for what is essentially one offense." *United States v. Mirault,* 18 U.S.C.M.A. 321, 323, 40 C.M.R. 33, 35 (1969). However, the problem involves such a complex of constitutional, statutory, and judicial policy ramifications that no single judicial approach to it has received universal approbation. *United States v. Meyer,* 21 U.S. C.M.A. 310, 45 C.M.R. 84 (1972); *United States v. Burney,* 21 U.S.C.M.A. 71, 44 C.M.R. 125 (1971).

Indeed, each case must be analyzed within its own factual context. *United States v. Irving, supra; United States v. Smith,* 1 M.J. 260 (C.M.A.1976).

In *United States v. Rosen,* 9 U.S.C. M.A. 175, 25 C.M.R. 437 (1958), the Court held that under some circumstances the making, or the use, of false documents to accomplish a larceny must be punished as a single offense. That case, however, is inapplicable here, where there was neither a unity of time between each wrongful taking and the signing of each false official record [a balance sheet] nor was each act of wrongful appropriation accomplished by the use of a false record. Each improper withdrawal of funds was complete upon the commission of the act with the requisite intent. Each false balance sheet enabled the appellant to avoid detection, but the false nature of the record was not a medium for the withdrawal of the funds. Thus, there were separate transactions which were clearly motivated by different impulses or intents. Under such circumstances, we are convinced that the fundamental principle of avoiding duplicate punishment for the same offense will not be violated by holding that the offense of wrongful appropriation is not multiplicious with the offense of signing a false official record to prevent discovery of the offense.

We turn now to whether the six specifications of signing false official records are multiplicious with each other. Initially, we note that the offenses occurred on separate dates from March 1975 to January 1976. Appellant asserts that as he was required to submit a balance sheet for each business day, the Government could have charged him with hundreds of offenses, which would give rise to an absurdly high maximum punishment. However, we need not address that argument as the record reflects that six balance sheets were presented on days that corresponded with days appellant's cash was counted by the cash verification board and the day his office was audited. On those days, the appellant submitted accurate balance sheets to individuals involved in transactions with his office, but the balance sheets he forwarded to the Finance Center contained the false figures relating to his cash on hand. Each report was single and complete for the cash on hand on the day of submission. That the same process of concealment was used on different days did not transmogrify the several transactions into a single wrong. In other words, a *modus operandi* does not integrate a series of crimes into one punishable offense. We conclude that the offenses were separately punishable.

The decision of the United States Navy Court of Military Review is affirmed.

Judge PERRY concurs.

FLETCHER, Chief Judge (dissenting):

I must dissent from the holding of the majority. "[T]he fundamental rule [is] that a person may not be twice punished for the same offense." *United States v. Posnick,* 8 U.S.C.M.A. 201, 203, 24 C.M.R. 11, 13 (1957). It is clear under the facts of the present case that the mere passage of time between the removal of the funds and the signing of the false official records does not compellingly indicate a new and separate act. *United States v. Ompad,* 15 U.S.C.M.A. 593, 36 C.M.R. 91 (1966). Moreover, the connected chain of events between the wrongful appropriation offense and the false offi-

cial records offenses is uncontroverted and requires these offenses be treated as single for the purpose of punishment. *United States v. Irving,* 3 M.J. 6 (C.M.A.1977). Finally, regardless of the occurrence of the signature offenses prior to or after the removal of the funds, they were integral parts of the taking offense within the sense of *United States v. Rosen,* 9 U.S.C.M.A. 175, 25 C.M.R. 437 (1958).

Accordingly, I would reverse the finding of the United States Navy Court of Military Review and return the record of trial for proceedings consistent with this opinion.