**UNITED STATES**

v.

**Tyrone HUTCHINS, 341 56 2224, Seaman Apprentice (E–2), U. S. Navy.**

**NMCM 80 2555.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 1 July 1980.

Decided 24 July 1981.

CAPT James P. Axelrod, USMC, Appellate Defense Counsel.

LCDR Anne L. MacArthur, JAGC, USN, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCHEVAL, JJ.

ABERNATHY, Judge:

Appellant, pursuant to his pleas, was found guilty of four specifications of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C.A. § 886, one specification of desertion in violation of Article 85, UCMJ, 10 U.S.C.A. § 885, one specification of fraudulent enlistment in violation of Article 83, UCMJ, 10 U.S.C.A. § 883, and one specification of making a false official statement in violation of Article 107, UCMJ, 10 U.S.C.A. § 907. He was tried by a special court-martial consisting of a military judge sitting alone and sentenced to be confined at hard labor for six months, to be reduced to pay grade E–1, and to be discharged from the Navy with a bad-conduct discharge. The convening and supervisory authorities approved the findings and sentence.

In his assignment of error, appellant asserts that the offenses of fraudulent enlistment and making a false official statement are multiplicious for sentencing purposes. We disagree with this assertion.

Several tests have been applied to determine whether offenses are multiplicious for

sentencing purposes. *See United States v. Harrison,* 4 M.J. 332, 333–34 (C.M.A.1978). "The determination of whether or not offenses are multiplicious for sentencing generally requires an examination of the facts in each instance to determine whether or not there has been an integration of events sufficient to result in essentially one offense." *United States v. Kinion,* 5 M.J. 930, 931 (N.C.M.R.1978).

The facts in the present case are akin to those found in *United States v. Rosen,* 9 U.S.C.M.A. 175, 25 C.M.R. 437 (1958), and *United States v. Harrison, supra.* In *United States v. Rosen, supra,* the Court of Military Appeals held that the making or use of false documents to accomplish a larceny and the larceny itself were multiplicious for sentencing purposes. In *United States v. Harrison, supra,* however, the Court held that a wrongful appropriation and the subsequent falsification of an official record were not multiplicious. The Court distinguished the cases because in the latter situation there was neither a unity of time between the wrongful taking and the signing of the false official record nor was the wrongful appropriation accomplished by the falsification; the falsification was effected in order to prevent discovery of the wrongful appropriation. *Id.* at 334.

Appellant executed a form in which he concealed that he was a member of the United States Navy so that he could fraudulently enlist in the United States Army. The two offenses are not multiplicious for sentencing. This factual situation most closely resembles that in *United States v. Harrison, supra,* for the offenses constitute separate transactions without a unity of time. This is because the fraudulent enlistment offense was not complete until the accused received either pay or allowances under the enlistment, Article 83, UCMJ, which occurred at a later date than the making of the false official statement.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Senior Judge BAUM and Judge KERCHEVAL concur.