**UNITED STATES**

**v.**

**Staff Sergeant Joseph E. CLARKE, Jr.,
FR 105–42–8723, United States
Air Force.**

**ACM 24018.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 26 May 1983.

Decided 3 Nov. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Captain Kathleen G. O'Reilly and Captain Teresa J. Stremel, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

DECISION

MILLER, Judge:

Tried by a general court-martial consisting of a military judge sitting alone, the accused was convicted of sodomizing his 9 year-old stepdaughter and of engaging this same 9 year-old stepdaughter and his 7 year-old stepdaughter, separately, in lewd and lascivious acts in violation of U.C.M.J. Articles 125 and 134, 10 U.S.C. §§ 925, 934. His approved sentence, the confinement portion of which was reduced by four years in accordance with the terms of a pretrial agreement, extends to a dishonorable discharge, confinement at hard labor for 10 years, total forfeitures of pay, and allowances and reduction to airman basic.

In his sole assignment of error, the accused asserts that the military judge erred by refusing to treat the sodomy and lewd and lascivious act specifications pertaining to his 9 year-old step-daughter as multiplicious for sentencing purposes. Under the facts of this case, we agree.

The trial record's only reference to the specific nature of the lewd and lascivious conduct alleged by the specification relating to the accused's 9 year-old stepdaughter was provided by the accused during the *Care* inquiry, to wit:

I did fondle the anal area of ... [my 9 year-old stepdaughter] and inserted a finger into her anus and just before—that was just before I inserted my penis into her anus.

This same insertion of the accused's penis into his 9 year-old stepdaughter was also the sole basis for the sodomy charge of which the accused was convicted.

Relying upon *United States v. Rose*, 6 M.J. 754 (N.C.M.R.1978) and *United States v. Dearman*, 7 M.J. 713 (A.C.M.R.1979) the government argues that fondling an anal area and insertion of a finger into an anus are crimes against the person, while insertion of a penis into an anus is a crime against nature. Ergo, since these activities

violate different "social norms," they are not multiplicious for sentencing purposes.

Under the facts of this case, we find the Government's assertion totally lacking in merit.

The question of whether two allegations violate different societal norms is but one of six tests as to multiplicity for sentencing purposes that have been separately enunciated by the Court of Military Appeals. *See United States v. Chisholm*, 10 M.J. 795, note 3, at 798 (A.F.C.M.R.1981). And, "no one test ... [for multiplicity] can be applied to the exclusion of all others." *United States v. Harrison*, 4 M.J. 332, at 334 (C.M.A.1978) and *United States v. Chisholm, supra*, at 798. Rather, each case must be analyzed within its own factual context, *United States v. Harrison, supra*, at 334, and *United States v. Smith*, 1 M.J. 260 (C.M.A.1976), in order to determine if they are "so related as to permit punishment for but a single offense." *United States v. Irving*, 3 M.J. 6 (C.M.A.1977) and *United States v. Chisholm, supra*, at 796.

Here, it seems indisputable that the accused's fondling of his stepdaughter's anus and his insertion of a finger just prior to his insertion of his penis, are part and parcel of a single sexual impulse, *United States v. Kleinhans*, 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964). The facts and circumstances surrounding each offense were such as to connect the two offenses, making them essentially one integrated transaction. *United States v. Smith*, and *United States v. Irving*, both *supra*. We, therefore, conclude that the offenses alleged in these two specifications are so related as to permit punishment for but a single offense. The sentence must be reassessed in light of the military judge's failure to consider these two specifications multiplicious for sentencing purposes.

Having reassessed the sentence, we find it nonetheless appropriate. Accordingly, the findings of guilty and the approved sentence are

AFFIRMED.

FORAY, Senior Judge, concurs.

HODGSON, Chief Judge, absent.