**UNITED STATES**

**v.**

**Michael DAILEY, 266 51 2396 Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 93 00009.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 6 May 1992.

Decided 29 July 1993.

LT Philip Sundel, JAGC, USNR, Appellate Defense Counsel.

LT Mary Grace McAlevy, JAGC, USNR, Appellate Government Counsel.

Before LARSON, STRICKLAND and ORR, JJ.

PER CURIAM:

We have examined the record of trial, the summary assignments of error,[1] and the Government's reply thereto, and we have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

As to the first assignment of error, the appellant was charged with intentionally inflicting grievous bodily harm by inflicting deep cuts on his victim's head when he struck the victim with a metal pipe. The appellant pled guilty to the lesser included offense of assault with a means likely to cause grievous bodily harm, and throughout the trial he asserted that he had not actually struck his victim with the pipe. The Government went forward on the original charge, and the military judge sitting alone found the appellant guilty of the charged offense but excepted "deep cuts" and substituted "long term blurred vision" based on the victim's testimony that as a result of the attack he had experienced blurred vision in his left eye which had persisted to the date of trial, approximately 6–months after the incident.[2]  Record at 53–54.

The victim's testimony about his blurred vision was made in response to the trial counsel's question whether the victim had experienced any medical problems as a result of the incident. The appellant's trial defense counsel made no objection to this testimony and voiced no surprise at its revelation. The question of an improper variance in the judge's findings was first raised by the trial defense counsel in a post-trial submission pursuant to Rule for Courts–Martial (R.C.M.) 1105, where the counsel claimed that the defense was misled by the pleading and was unable to properly prepare for trial. As to these contentions, the defense counsel asserted that he would have interviewed the victim's ophthalmologist or optometrist and would have requested discovery of the victim's medical records concerning his vision if the defense had been aware that the Government intended to prove long term blurred vision as the grievous bodily injury.  In

---

1.  I. THE MILITARY JUDGE ERRED IN FINDING APPELLANT GUILTY THROUGH EXCEPTIONS AND SUBSTITUTIONS WHERE THE EXCEPTIONS AND SUBSTITUTIONS WERE AT SIGNIFICANT VARIANCE FROM THE OFFENSE AS CHARGED. [FOOTNOTE OMITTED.]
II.  THE COURT–MARTIAL DID NOT HAVE JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. [FOOTNOTE OMITTED.]
III.  THIS COURT HAS NO JURISDICTION BECAUSE ITS JUDGES ARE NOT APPOINTED TO FIXED TERMS OF OFFICE. [FOOTNOTE OMITTED.]
IV.  APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. [CITATION OMITTED.]
V.  THIS COURT DOES NOT HAVE THE POWER TO REVIEW APPELLANT'S CASE BECAUSE THIS COURT'S JUDGES WERE APPOINTED IN VIOLATION OF THE APPOINTMENTS CLAUSE. [FOOTNOTE OMITTED.]

2.  The victim also testified that he suffered numerous cuts that required 4 stitches in his right temple, 8–10 stitches in his left temple, 2–3 in the back of his head, and 2 on the bridge of his nose. Record at 48; Prosecution Exhibits 6–8. The cut on the bridge of his nose he did not attribute to blows with the pipe.

preparing his response to these assertions, the staff judge advocate obtained an affidavit from the trial counsel in which that officer states that the appellant's defense counsel was provided the victim's medical record in response to an oral discovery request prior to trial and that the defense counsel was given numerous opportunities to question the victim prior to trial.

 A variance is not fatal unless it causes substantial prejudice to the rights of an accused, and in assessing prejudice, it must be determined both whether the accused has been misled to the extent that he has been unable to adequately prepare for trial and whether the accused is fully protected from another prosecution for the same offense. *United States v. Lee,* 1 M.J. 15 (C.M.A.1975); *United States v. Craig,* 8 C.M.A. 218, 24 C.M.R. 28 (1957); *United States v. Hopf,* 1 C.M.A. 584, 5 C.M.R. 12 (1952). There is no issue in regard to the latter of these two considerations, and as to the former, we conclude the trial defense counsel waived this issue by failing to request either a continuance to interview other potential medical witnesses or to conduct further discovery if he was, in fact, surprised by the victim's testimony. R.C.M. 905(e); 906(b)(1), (b)(7).

Even if waiver does not apply, we fail to see how the nature of the harm could have affected the appellant's preparation for trial since the defense theory of the case was based on the appellant's contention that he never actually struck the victim with the pipe. The defense did not offer evidence that the victim did not suffer grievous bodily harm and did not contest the cuts, stitches, or blurred vision evidence offered by the Government. The time, place, and means of the assault as well as the identify of the victim was the same. Only the nature of the harm suffered was modified by the variance, and although the victim's medical records were not placed in evidence, it appears that the nature of the additional harm would have been revealed simply by interviewing the victim. We conclude that even if the appellant was misled under these circumstances, he has failed to show how he was unable to

prepare for trial based on his theory of defense.

The appellant's last four assignments of error are also without merit. *United States v. Graf,* 35 M.J. 450 (C.M.A.1992); *United States v. Weiss,* 36 M.J. 224 (C.M.A. 1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993).

Accordingly, the findings and sentence, as approved on review below, are affirmed.