**UNITED STATES**

v.

**Michael A. FARANO, Machinist's Mate Second Class (E–5), U.S. Navy.**

**NMCCA 200400749.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 9 Jan. 2004.

Decided 11 March 2005.

Maj J.Ed Christiansen, USMC, Appellate Defense Counsel.

CDR Alicia Connolly–Lohr, JAGC, USNR, Appellate Defense Counsel.

LT Mark H. Herrington, JAGC, USNR, Appellate Government Counsel.

Before DORMAN, Chief Judge, PRICE, senior Judge, and HARRIS, Appellate Military Judge.

DORMAN, Chief Judge:

The appellant was tried by a general court-martial before a military judge sitting alone. Consistent with his pleas, the appellant was convicted of procuring a fraudulent enlistment, and ten specifications of the use of controlled substances. The appellant used

three different substances: cocaine, lysergic acid diethylamide and methylenedioxymeth-amphetamine (ecstasy), all on divers occasions. He also used marijuana. The appellant's crimes violated Articles 83 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 883 and 912a. The adjudged and approved sentence includes a bad-conduct discharge and confinement for 10 months.

The appellant has raised a single assignment of error. He asserts that his conviction for fraudulent enlistment should be set aside because the specification alleges that the offense occurred on 23 September 1998, at a time when he was not receiving pay from the Navy. In the same assignment of error he also argues that this offense should be set aside because it was barred by the statute of limitations. We have reviewed the record of trial, the appellant's assignment of error, and the Government's response. Following that review, we conclude that the findings and sentence are correct in law and fact, and that no errors were committed that materially prejudiced the substantial rights of the appellant. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Facts

The Specification under Charge I alleges that the appellant fraudulently enlisted in the Navy on 23 September 1998. It further alleges that the enlistment was fraudulent because the appellant knowingly made a false representation that he had never used illegal controlled substances.

During the inquiry into the providence of his guilty pleas, the appellant informed the military judge that he met with his recruiter on 23 September 1998 and completed DD form 1966/1. On that form he failed to disclose that he had previously used controlled substances. That was a false representation and the appellant knew it was false. During the providence inquiry, the appellant also acknowledged that the extent of his pre-service use would have barred his enlistment because a waiver could not have been obtained. Additionally, the appellant informed the military judge that he told his recruiter about his prior use of drugs, but the recruiter told him to keep his mouth shut. On 23 September 1998, the appellant entered the delayed entry program, but he did not receive pay and benefits until he came on active duty on 21 December 1998. Thus, he enlisted on 21 December 1998.

The specification alleging the appellant's fraudulent enlistment was both preferred and received by the officer exercising summary court-martial jurisdiction on 29 October 2003. During the appellant's court-martial there was no discussion of whether prosecution of this offense was barred by the 5–year statute of limitations. Art. 43(b)(1), UCMJ, 10 U.S.C. § 843(b)(1).

### Discussion

The appellant's assignment of error reads as follows:

APPELLANT'S CONVICTION OF FRAUDULENT ENLISTMENT SHOULD BE REVERSED AND THE SPECIFICATION SHOULD BE DISMISSED. THE SPECIFICATION STATED THAT ON 23 SEPTEMBER 1998 APPELLANT FALSELY REPRESENTED THAT HE HAD NEVER ILLEGALLY USED CONTROLLED SUBSTANCES AND HE THEREBY PROCURED ENLISTMENT IN THE UNITED STATES NAVY. ON 23 SEPTEMBER 1998 APPELLANT WAS NOT RECEIVING PAY AND ALLOWANCES WHICH IS AN ELEMENT OF THE OFFENSE. THE 23 SEPTEMBER 1998 DATE IN THE SPECIFICATION IS ALSO BEYOND THE FIVE–YEAR STATUTE OF LIMITATIONS.

This assignment of error contains two issues. First, he essentially asserts a variance between the pleadings and the proof—date alleged in the specification and the date that he actually began receiving pay. *See United States v. Teffeau*, 58 M.J. 62, 66 (C.A.A.F. 2003). Secondly, he asserts for the first time, that his prosecution of this offense is barred by the statute of limitations.

### A. Variance.

We consider the appellant's assertion that he was not receiving pay or allowances on a date of the alleged offense, as a variance argument. As such, we note that

the military justice system "is a notice pleading jurisdiction. If a specification informs an accused of the offense against which he or she must defend and bars a future prosecution for the same offense, the specification is sufficient." *United States v. Gallo*, 53 M.J. 556, 564 (A.F.Ct.Crim.App.2000)(citing *United States v. Sell*, 11 C.M.R. 202, 206, 1953 WL 2005 (C.M.A.1953)), *aff'd*, 55 M.J. 418 (C.A.A.F 2001). "A variance is not fatal unless it causes substantial prejudice to the rights of an accused...." *United States v. Dailey*, 37 M.J. 1078, 1080 (N.M.C.M.R 1993); *see also United States v. Teffeau*, 58 M.J. at 66. In assessing whether an appellant has been prejudiced we look to the same questions as noted above. "[I]t must be determined both whether the accused has been misled to the extent that he has been unable to adequately prepare for trial and whether the accused is fully protected from another prosecution for the same offense." *Dailey*, 37 M.J. at 1080 (citing *United States v. Lee*, 1 M.J. 15 (C.M.A.1975)); *United States v. Craig*, 24 C.M.R. 28, 1957 WL 4692 (C.M.A.1957); *United States v. Hopf*, 5 C.M.R. 12, 1952 WL 2054 (C.M.A.1952). We further note that minor variations in the date that the offense was allegedly committed are not necessarily fatal. *Teffeau*, 58 M.J. at 66.

■ The crime of fraudulent enlistment is committed when a person "procures his own enlistment or appointment in the armed forces by knowingly false representation or deliberate concealment as to his qualifications for the enlistment or appointment and receives pay or allowances thereunder...." Art. 83(1), UCMJ, 10 U.S.C. § 883(1). To prove this offense the Government must establish four elements:

(a) That the accused was enlisted or appointed in an armed force;

(b) That the accused knowingly misrepresented or deliberately concealed a certain material fact or facts regarding qualifications of the accused for enlistment or appointment;

(c) That the accused's enlistment or appointment was obtained or procured by that knowingly false representation or deliberate concealment; and

(d) That under this enlistment or appointment that accused received pay or allowances or both.

MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), Part IV, ¶ 7b(1). The gist of the offense is the fraudulent receipt of pay and allowances, not the misrepresentation of a material fact. *United States v. King*, 27 C.M.R. 732, 735–36, 1959 WL 3678 (A.B.R. 1959); WILLIAM WINTHROP, MILITARY LAW AND PRECEDENTS 733–34 (1920 Reprint). Thus, the date of the offense of fraudulent enlistment is the date that the accused first receives pay or allowances, and that same date should be used in the specification. RULE FOR COURTS-MARTIAL 907(b)(2)(B), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), Discussion ("fraudulent enlistment [is] committed ... on the day the person ... first receives pay or allowances").

■ The case before us is complicated only by the fact that the appellant's knowing misrepresentation of facts, which led to his fraudulent enlistment, occurred in September 1998, but he did not begin receiving pay until 21 December 1998. Under those facts we hold that the appellant's crime was not complete until 21 December 1998. *United States v. Hutchins*, 11 M.J. 867, 868 (N.M.C.M.R. 1981). We also hold that the specification clearly was not misleading and that it was adequate to protect the appellant against double jeopardy. The appellant's unconditional guilty plea bolsters this holding. Accordingly, we conclude that the date alleged in the specification is not a fatal variance, and we grant no relief.

**B. Statute of Limitations.**

■ A statute of limitations begins to run on the date that a crime is complete. *United States v. Lee*, 32 M.J. 857, 859 (N.M.C.M.R. 1991); *see also United States v. Irvine*, 98 U.S. 450, 452, 25 L.Ed. 193 (1878). Here the appellant's crime was not complete until 21 December 1998. *See Hutchins*, 11 M.J. at 868; *King*, 27 C.M.R. at 735–36. *See also* R.C.M. 907(b)(2)(B), Discussion.

 In the case before us, the officer exercising summary court-martial jurisdiction over the appellant received the specification on 29 October 2003—two months shy of the running of the statute of limitations in this case. Thus, we hold that the appellant's prosecution for procuring his fraudulent enlistment was not barred by the statute of limitations.

**Conclusion**

Consistent with our holdings above, we affirm the findings and the sentence, as approved by the convening authority.

Senior Judge PRICE and Judge HARRIS concur.